The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties of their representatives, or amend the Opinion and Award.
This case was heard before Deputy Commissioner Dollar in Beaufort on November 29, 1993. Prior to the hearing, the parties submitted a Form 21 Agreement, which was approved by the Commission on April 28, 1989, an amended Form 21 Agreement, which was approved by the Commission on February 2, 1990. These agreements are part of the record in this matter. In addition, the parties submitted a Pre-Trial Agreement, which is fully incorporated herein by reference.
Following the hearing, the depositions of John T. Langley, M.D., Robert W. Breton, L.P.T., Robert F. Wilfong, M.D., Lee Whitehurst, M.D., and Thomas S. Baldwin, Ph.D. were received into the record. All objections raised therein are ruled upon in accordance with the law and this Opinion and Award.
Based upon all of the competent evidence in the record, the Full Commission adopts and makes the following additional
FINDINGS OF FACT
1. Plaintiff was employed as a nurse's aide by defendant on February 20, 1989 when she sustained an admittedly compensable strain to the low back while assisting another nurse's aide in lifting a patient.
2. Plaintiff ultimately came under the care of Dr. Robert Wilfong, a neurosurgeon in New Bern. On August 3, 1989, Dr. Wilfong operated to remove a ruptured disk at L5-Si and corrected a bulging disk at L4-5.
3. Initially plaintiff noted some improvement following surgery but she reported continued pain in her legs and back thereafter. Dr. Wilfong performed an operation to fuse the vertebral bodies from L4 to Si on January 3, 1992.
4. On September 10, 1992, plaintiff underwent a functional capacity evaluation with Robert Breton, L.P.T., in Jacksonville. Even though plaintiff did not put forth a maximal effort, Mr. Breton found that plaintiff was capable of light work.
5. On September 17, 1992, plaintiff underwent an independent medical evaluation with Dr. John Langley, an orthopaedic surgeon from Kinston. Based on his examination, Dr. Langley felt plaintiff was a good candidate to return to work and assigned plaintiff a permanent partial impairment rating of 24% to the back.
6. On October 13, 1992, Dr. Wilfong performed surgical removal of the petical screw in the fusion.
7. On November 5, 1992, plaintiff underwent a second independent medical evaluation with Dr. Lee Whitehurst, an orthopaedic surgeon in Raleigh. Dr. Whitehurst opined that plaintiff had reached maximum medical improvement, assessed a 30% permanent partial impairment rating to the back and noted that plaintiff should be able to return to work with a lifting restriction of 35 pounds.
8. On December 30, 1992, Dr. Wilfong gave plaintiff a 100% rating to her back after previously noting that she had a "total disability to her lumbar spine."
9. In 1992 and 1993, Beth Hunnicut, plaintiff's rehabilitation nurse, made arrangements with Kaye Jernigan, defendant's Director of Nursing, for plaintiff to receive an offer of light duty employment. Plaintiff worked in this capacity for one week in January 1993 but has not returned to work since that time.
10. Although Dr. Wilfong does not believe that plaintiff is capable of returning to work, he admitted in his deposition that his opinion in this regard is not an objective one.
11. Regarding the issue of plaintiff's physical capacity to perform work, the undersigned places greater weight in the opinions of Dr. Langley, Dr. Whitehurst and Robert Breton. Specifically, the undersigned finds that plaintiff had completed the healing period by November 5, 1992, at which time she was capable of performing restricted work. To the extent that plaintiff testified to the contrary, plaintiff's testimony is not accepted as credible.
12. Since November 5, 1992, plaintiff has not made a reasonable effort to seek employment. In particular, defendant has been willing to provide work for plaintiff within her restrictions but plaintiff declined to accept this work, with the exception of the week in January 1993.
13. Plaintiff's refusal to continue in the light-duty position was not justified and to the extent that plaintiff testified she was not able to perform this job, plaintiff's testimony is not accepted as credible.
14. Although plaintiff has presented the testimony of Thomas Baldwin, Ph.D. to the effect that plaintiff will never be able to obtain competitive employment, this testimony is not deemed to be persuasive in that it is based upon Dr. Wilfong's statements regarding plaintiff's capacity for work.
15. On January 4, 1994, Dr. Wilfong performed an operation to remove the instrumentation used in the fusion. Dr. Wilfong testified that he performed this operation because plaintiff wanted the instrumentation removed but that there was no medical reason for the January 4, 1994 procedure. Therefore, the operation to remove the instrumentation used in the fusion was not reasonably necessary to effect a cure, give relief or lessen a period of disability.
16. Any incapacity for work as a result of the January 4, 1994 operation is the result of plaintiff's election to have the instrumentation removed from her back and is not a proximate result of plaintiff's injury by accident
17. As a result of plaintiff's injury by accident, she retains a 30% permanent partial impairment to the back.
* * * * * * * * * * *
The foregoing findings of fact engender the following
CONCLUSIONS OF LAW
1. Plaintiff is not permanently and totally disabled. N.C. Gen. Stat. § 97-29.
2. As of November 5, 1992, plaintiff was no longer disabled.
3. Plaintiff is entitled to 90 weeks of compensation beginning November 5, 1992. N.C. Gen. Stat. § 97-31(23).
4. To the extent that defendant has compensated plaintiff after November 5, 1992, defendant is entitled to a credit against any award under § 97-31
5. Defendant is responsible for payment of all expenses incurred to effect a cure, give relief or lessen the period of disability from plaintiff's compensable injury. N.C. Gen. Stat. § 97-2 (19), 97-25.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Subject to credit for all compensation paid to plaintiff after November 5, 1992, defendant shall pay plaintiff 90 weeks of compensation at the rate of $104.76 per week, subject to attorneys' fee approved hereinafter.
2. Of the amount due plaintiff after application of the aforementioned credit, 25% shall be deducted and paid directly to plaintiff's attorneys.
3. Defendant shall pay all bills for expenses necessary to effect a cure, give relief or lessen the period of disability from plaintiff's compensable injury, as soon as said expenses have been submitted to and approved by the Industrial Commission.
4. Defendant shall bear the costs, including an expert witness fee of $140.00 to Robert W. Breton, L.P.T. and $215.00 to Dr. John T. Langley.
 S/ _______________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _______________________ JAMES J. BOOKER COMMISSIONER
S/ _______________________ DIANNE C. SELLERS COMMISSIONER